**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CV 12 Case No. 2947

------------------------------------------------------------X  **COMPLAINT**

TRACEY CID,

                      Plaintiff,

        v.

ASA INSTITUTE OF BUSINESS & COMPUTER
TECHNOLOGY, INC. d/b/a ASA COLLEGE,
TED BLOOM, *Individually*, ANN SWAIN,
*Individually*, and DEAN DEREK JACKSON
*Individually*,

                  Defendants.

------------------------------------------------------------X

IRIZARRY, J.

PLAINTIFF DEMANDS
A TRIAL BY JURY

SUMMONS ISSUED
AZRACK, M.

Plaintiff TRACEY CID, by her attorneys, PHILLIPS & PHILLIPS ATTORNEYS AT

LAW, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.

§§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No.

102-166 ("Title VII"), and the New York City Human Rights Law, New York City

Administrative Code § 8-502(a), *et. seq.,* and seeks damages to redress the injuries Plaintiff has

suffered as a result of being sexually harassed, discriminated against because of her sex and

gender, unlawfully terminated, retaliated against, severely humiliated, mentally anguished, and

emotionally and physically distressed by the Defendants.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c),

       and 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the

claims of plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this district based upon Defendants' residency within the County of

Kings, State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

## PROCEDURAL PREREQUISITES

4.      Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal

Employment Opportunities Commission ("EEOC").

5.      Plaintiff received a Notice of Right to Sue from the EEOC, dated May 19, 2012 with respect

to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

6.      This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

7.      That at all times relevant hereto, Plaintiff TRACEY CID (hereinafter referred to as

"CID") is a resident of the State of New York and County of Kings.

8.      That at all times relevant hereto, Defendant ASA INSTITUTE OF BUSINESS &

COMPUTER TECHNOLOGY, INC. d/b/a ASA COLLEGE (hereinafter referred to as

"ASA") was and is a domestic business corporation, duly existing by virtue of the laws of

the State of New York.

9.      That at all times relevant hereto, Defendant ASA owns and/or operates, among others, an

educational institution located at 151 Lawrence Street, Brooklyn, New York 11201.

10.     That at all times relevant hereto, Defendant TED BLOOM (hereinafter referred to as

"BLOOM") was and is a resident of the State of New York.

11.     That at all times relevant hereto, Defendant BLOOM was and is an employee of

Defendant ASA; specifically employed as a "Librarian."

12.     That at all times relevant hereto, Defendant BLOOM was Plaintiff CID's supervisor

2

and/or held supervisory authority over Plaintiff CID.

13.    That at all times relevant hereto, Defendant ANN SWAIN (hereinafter referred to as "SWAIN") was and is a resident of the State of New York.

14.    That at all times relevant hereto, Defendant SWAIN was and is an employee of Defendant ASA; specifically employed as the "Library Director".

15.    That at all times relevant hereto, Defendant SWAIN was Plaintiff CID's supervisor and/or held supervisory authority over Plaintiff CID.

16.    That at all times relevant hereto, Defendant SWAIN was Defendant BLOOM's supervisor and/or held supervisory authority over Defendant BLOOM.

17.    That at all times relevant hereto, Defendant DEREK JACKSON (hereinafter referred to as "JACKSON") was and is a resident of the State of New York.

18.    That at all times relevant hereto, Defendant JACKSON was and is an employee of Defendant ASA; specifically employed as the "Dean of Students".

19.    That at all times relevant hereto, Plaintiff CID was a student and work/study employee of Defendant ASA who earned $8 an hour working approximately 20 hours a week at Defendant ASA's library as a "Library Assistant".

20.    Defendant ASA, Defendant BLOOM, Defendant SWAIN, Defendant JACKSON are collectively referred to herein as "Defendants."

## MATERIAL FACTS

21.    On or about February of 2011, Plaintiff CID enrolled in the Associate Degree Office of Administration Program at Defendant ASA; wherein she is expected to graduate on or around May of 2012.

22.    In Plaintiff CID's efforts to make extra money to make ends meet, she began working in

3

Defendant ASA's library located at 151 Lawrence Street, Brooklyn, New York 11201 on or around June of 2011.

23. At all times relevant hereto, Plaintiff CID was an exemplary employee.

24. Throughout her tenure with Defendant ASA, Plaintiff CID always received compliments for her work performance and got along well with all of her co-workers.

25. Although Plaintiff CID initially got along well with all of her fellow co-workers and felt comfortable at work, this all changed immediately after she commenced her employment when she met Defendant BLOOM for the first time on or about June of 2011.

26. **For instance, on numerous occasions in July of 2011, Defendant BLOOM would stand over Plaintiff CID, while she perused the photographs of fashion websites, and state the following offensive comments: "Those women have nothing on you"; "You are beautiful;" and "You are a tall and beautiful woman." Plaintiff CID politely rejected these advances and comments and tried her best to ignore them initially.**

27. **Throughout Plaintiff CID's work/study tenure, Defendant BLOOM repeatedly and consistently sexually harassed Plaintiff CID, creating a hostile working environment.**

28. **Throughout Plaintiff CID's employment, Plaintiff CID was consistently and continuously discriminated against by Defendant BLOOM solely due to her gender and sex (female).**

29. By way of further example, Defendant Defendant BLOOM would not only constantly and continually make comments to Plaintiff CID, such as. **"You are beautiful;" and "You are a tall and beautiful woman; he would also offer her gifts.**

30. **For example, sometime in early September of 2011, Defendant BLOOM gave Plaintiff CID a Mac Book computer and instructed her not to tell anyone and to**

4

**keep it a secret, especially from Defendant SWAIN. Most notably, Defendant BLOOM emphasized the importance of keeping this secret from Defendant SWAIN because he could get in trouble.**

31.     Soon after Plaintiff CID's reluctant acceptance of this gift, she realized that Defendant BLOOM's attitude had changed, as if he was expecting something from Plaintiff CID in return for this gift.

32.     **Finally, in line with Plaintiff CID's suspicions, on or around October 2011, Defendant BLOOM began to call Plaintiff CID's residence on a number of occasions.**

33.     **Furthermore, on or around October of 2011, Defendant BLOOM asked Plaintiff CID to lunch. In response, Plaintiff CID responded in the negative and informed Defendant BLOOM that her schedule would not allow it as an excuse to avoid having to go to lunch with Defendant BLOOM. Following this rejection by Plaintiff CID, Defendant BLOOM became very hostile toward Plaintiff CID and shortly thereafter he informed Plaintiff CID that he would try his very best to get her fired. Plaintiff CID felt immensely threatened by Defendant BLOOM's vows to ensure that she was punished and retaliated against because she chose to reject his unwelcomed, discriminatory and unprofessional advances.**

34.     Furthermore, following Plaintiff CID's above rejection of Defendant BLOOM's advances, Defendant BLOOM became increasingly hostile towards Plaintiff CID when she asked him for assistance with a work-related issue. For example, Defendant BLOOM would yell at Plaintiff CID for doing her job and accuse of her of failing to do certain job duties that she actually completed. For instance, Defendant BLOOM would yell: "Tracey, [Plaintiff CID] we don't do this around here, this is the proper way." Upon information

5

and belief, Jennifer Welch, a fellow student co-worker of Plaintiff CID witnessed Defendant BLOOM's advances and acts of hostility.

35. **As a result of Plaintiff CID's extreme discomfort at work and due to the hostile work environment that she was being subjected to by Defendant BLOOM, she finally reported Defendant BLOOM's aforementioned behavior, gestures and comments to Defendant SWAIN, the Director of the Library, on or around late October of 2011.**

36. Specifically, Plaintiff CID informed Defendant SWAIN that she couldn't take Defendant BLOOM's harassment anymore and that she had been dealing with his discriminatory conduct for quite some time. Furthermore, Plaintiff CID informed Defendant SWAIN that Defendant BLOOM's behavior had gotten very hostile since he gave her a computer and that Defendant BLOOM did not want Plaintiff CID to tell Defendant SWAIN about it. Notably, Plaintiff CID informed Defendant SWAIN that she knew that Defendant SWAIN was knowledgeable about Defendant BLOOM's behavior because she had gotten other complaints from other female co-workers. In response, Defendant SWAIN simply stated that she would have a discussion with Defendant BLOOM.

37. Following this conversation, Defendant SWAIN informed Plaintiff CID that her weekly hours would be diminished and that she would attempt to have Plaintiff CID's work/study assignment moved to another location. Upon information and belief, Defendant BLOOM has never been disciplined for his inappropriate and unlawful behavior and comments that were directed towards Plaintiff CID, even though same has been brought to the attention of Defendant SWAIN, as the supervisor of Defendant BLOOM.

38. Upon information and belief, the discriminatory comments and advances of Defendant

6

BLOOM have been committed against other female students/employees of Defendant ASA which have been brought to the attention of Defendant ASA and Defendant SWAIN, yet neither investigations nor disciplinary actions have been brought against Defendant BLOOM.

39. Moreover, on or around December 13, 2011, a mild, verbal disagreement between Plaintiff CID and Defendant SWAIN ensued when Defendant SWAIN requested Plaintiff CID's presence in the back of the library to reprimand Plaintiff CID for purportedly breaking the library's rules. Plaintiff CID found Defendant SWAIN's conversation to be extremely inappropriate and found her comments to be verbally offensive and synonymous to bullying and harassment as this collectively created a hostile work environment.

40. In response, Plaintiff CID informed Defendant SWAIN that she was tired of being mistreated by her and that she was not going to permit Defendant SWAIN to pick on her and verbally attack her anymore. Plaintiff CID further informed Defendant SWAIN that she would report her to her superiors and retain a lawyer as a result of this mistreatment. In response, Defendant SWAIN seemed surprised that Plaintiff CID would come to her own defense at that point. Immediately following this conversation, Defendant SWAIN visited the Defendants' administration office. This exchange between Defendant SWAIN and Plaintiff CID was witnessed by Abuwi Waheed and Jennifer Welch, both fellow work/study student/employees of Plaintiff CID who worked at Defendant ASA's library.

41. Following this incident, on or around December 16, 2011, Defendant JACKSON called Plaintiff CID into a meeting to discuss the above exchange between her and Defendant SWAIN. Therein, Plaintiff CID asked Defendant JACKSON if Defendant SWAIN informed him that Plaintiff CID had been sexually harassed and Plaintiff CID further

7

informed him that Defendant SWAIN had done nothing in response to the sexual harassment she was being subjected to by Defendant BLOOM. In light of this information, Defendant JACKSON stated to Plaintiff CID that this meeting would have to be re-scheduled for a later date and that he would get back to Plaintiff CID regarding same.

42.     On or around December 20, 2011, Plaintiff CID received a call from Defendant JACKSON, wherein he informed Plaintiff CID that she would be removed from Defendant ASA's library and that her work study assignment would be moved to Defendant ASA's Career Services department temporarily until they found her another assignment.

43.     In spite of Dean Jackson's reassurances regarding Plaintiff CID's work study transfer and job security following her complaints of sexual harassment and the aforementioned advances of Defendant BLOOM, on or around January 3, 2012, during a meeting with Plaintiff CID and Dean Jackson, he informed Plaintiff CID that Defendant ASA would not be giving her a job back within the library and that she would not be given any more work study assignments as well, even though she was more than qualified to participate in the work study program because she maintained over a 3.0 grade point average. This act by the Defendants served as an unlawful termination of Plaintiff CID.

44.     Accordingly, it became very obvious to Plaintiff CID that these actions by the Defendants were utilized as a further means to retaliate against Plaintiff CID for complaining and reporting the inappropriate conduct and comments of Defendant BLOOM. As a result, Plaintiff CID felt and continues to feel offended, disturbed, and humiliated by the blatantly unlawful and retaliatory termination.

45.     To date, Defendant ASA has ignored Plaintiff CID's reports regarding the sexual

harassment, discriminatory comments and advances by Defendant BLOOM, and instead began a retaliatory campaign against her.

46.     Defendants created a hostile working environment for reporting the sexual harassment and discrimination.

47.     The above are just some of the acts of harassment, discrimination and retaliation that Plaintiff CID experienced on a regular and continual basis while employed by Defendant ASA.

48.     Plaintiff CID was **treated different** (**sexually harassed and propositioned**) by Defendant BLOOM solely **because she is a female.**

49.     **But for the fact that the** Plaintiff CID **is a female,** Defendant BLOOM **would not have treated her differently (sexually harassed and propositioned).**

50.     Plaintiff CID was regularly exposed to a sexually offensive and hostile work environment by Defendant BLOOM, who was her superior.

51.     Defendant ASA **had knowledge of and/or acquiesced in** the discrimination, sexual harassment, and retaliation by Defendant ASA, as Plaintiff CID complained to Defendants on numerous occasions.

52.     Plaintiff has been unlawfully discriminated against, unlawfully terminated, was humiliated, retaliated against, has been degraded and belittled; and as a result suffers loss of rights, emotional distress, loss of income, earnings and physical injury.

53.     Plaintiff's performance was, and is, upon information and belief, above average during the course of employment with the Defendants.

54.     Plaintiff CID was regularly exposed to a discriminatorily offensive and hostile work environment.

55.     Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

56.    As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

57.    As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, Plaintiff has suffered severe emotional distress and physical ailments.

58.    As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

59.    As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of the Court.

60.    Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, the Plaintiff demands Punitive Damages as against both Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individuals)

61.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

10

63.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et

        seq., by discriminating against Plaintiff because of her gender.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

64.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

        this complaint.

65.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides

        that it shall be unlawful employment practice for an employer:

        "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any
        practice made an unlawful employment practice by this subchapter, or because [s]he has
        made a charge, testified, assisted or participated in any manner in an investigation,
        proceeding, or hearing under this subchapter."

66.     Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et

        seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges

        of employment because of her opposition to the unlawful employment practices of

        Defendants.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

67.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above

        paragraphs of this Complaint as if more fully set forth herein at length.

68.     The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful

        discriminatory practice: (a) For an employer or an employee or agent thereof, because of

        the actual or perceived age, race, creed, color, national origin, gender, disability, marital

        status, sexual orientation or alienage or citizenship status of any person, to refuse to hire

11

or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

69. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

73. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

74. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

75.     Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

76.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77.     New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

78.     Defendants violated the section cited herein as set forth.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

79.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80.     New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a.     An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

13

b.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

1.  the employee or agent exercised managerial or supervisory responsibility; or

2.  the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

3.  the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c.  An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

113.  Defendants violated the section cited herein as set forth.

114.  That as a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## INJURY AND DAMAGES

115.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

## JURY DEMAND

Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.   Declaring that Defendants engaged in unlawful employment practice prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq.; The New York City Administrative Code, §8-107 et. seq.; and state common law, that the Defendants discriminated against, and retaliated against Plaintiff on the basis of her gender and sex;

B.   Awarding damages to the Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, unlawful termination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

C.   Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.   Awarding Plaintiff punitive damages;

E.   Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F.   Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
      June 12, 2012

                       **PHILLIPS & PHILLIPS**
                       **ATTORNEYS AT LAW, PLLC**

                       Marjorie Mesidor (MM9936)
                       30 Broad Street, 35th Floor
                       New York, NY 10004
                       (212) 587-0760

16

Case 1:12-cv-02947-DLI-JMA   Document 1   Filed 06/13/12   Page 17 of 17 PageID #: 17

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Tracey Cid
650 Bar Ridge Avenue
Apt. # 4F
Brooklyn, NY 11220

From:  New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2012-01161 | Donna M. Walcott Senior Investigator | (212) 336-3679 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin Berry*

Kevin J. Berry
District Director

MAY 19 2012
*(Date Mailed)*

Enclosures(s)

cc:  RESPONDENT
ASA INSTITUTE OF BUSINESS & COMPUTER TECHNOLOGY
ATTN: Director of Human Resources
151 Lawrence Street
Brooklyn, NY 11201

CHARGING PARTY'S ATTORNEY
Marjorie Mesidor, Esq.
PHILLIPS & PHILLIPS PLLC
30 Broad Street
35th Floor
New York, NY 10004